UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH DIALS** | **CIVIL ACTION NO. 21-1660** |
| **VERSUS** | **JUDGE ASHE** |
| **PHILLIPS 66 COMPANY AND PHILLIPS 66** | **MAGISTRATE JUDGE DOUGLAS** |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER

Pursuant to Federal Rule of Civil Procedure ("FRCP") 72 and Local Rule 72.2, Defendants Phillips 66 Company and Phillips 66 (jointly "Defendants") submit this memorandum in support of their Motion to Review Magistrate Judge's Order. Defendants respectfully object to and move this Court to review Magistrate Judge Douglas's April 28, 2022 Order (R. Doc. 34) ("Order") granting Plaintiff's Motion for Leave to File First Amended Complaint (R. Doc. 25) ("Motion to Amend"). Specifically, Defendants object to the Order to the extent it granted Plaintiff leave to file an amended complaint alleging a violation of Section 510 of the Employee Retirement Income Security Act ("ERISA") of 1974 ("Section 510 claim").[1] Plaintiff's Section 510 claim is time barred on the face of Plaintiff's complaint(s) and amending to add such claim is futile. As such, the Order is clearly erroneous and contrary to applicable law. The Order should be modified and/or set aside accordingly.

---

[1] Defendants do not seek review of the Order to the extent it granted Plaintiff leave to amend to add a cause of action for retaliation in violation of the Louisiana Employment Discrimination Law ("LEDL") pursuant to Louisiana Revised Statute 23:312(D). Although Defendants maintain that Plaintiff's cause of action pursuant to 23:312(D) is meritless, it is not subject to this motion. However, Defendants reserve their right to submit a dispositive motion on Plaintiff's LEDL retaliation claim at a later time during this litigation, consistent with any scheduling or other orders in this case.

1

## I. BACKGROUND

This is an employment case. Dials filed his Original Complaint and Jury Demand on September 3, 2021 (R. Doc. 1) ("Original Complaint") which purported to bring claims against Defendants based on: (1) alleged disparate treatment and harassment pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA") (R. Doc. 1, First Cause of Action, pp. 14-16); (2) alleged retaliation pursuant to the ADEA (R. Doc. 1, Second Cause of Action, pp. 16-17); (3) alleged discrimination pursuant to the Louisiana Employment Discrimination Law ("LEDL") (R. Doc. 1, Third Cause of Action, pp. 17-19); and (4) alleged discrimination and retaliation pursuant to the Louisiana Human Rights Act, La. R.S. 51:2231, 51:2256, 51:2264 ("LHRA") (R. Doc. 1, Fourth Cause of Action, pp. 19-20). On November 8, 2021, Defendants answered, and pleaded certain defenses in response to, the Original Complaint. R. Doc. 10.

On the deadline to amend pleadings (March 25, 2022), Dials filed his Motion to Amend. R. Doc. 25. Plaintiff's Motion to Amend and his Amended Complaint identify two wholly new claims: (1) retaliation pursuant to the LEDL; and (2) retaliation pursuant to ERISA Section 510, 29 U.S.C. § 1140. *See* R. Doc. 25-1, p. 1; R. Doc. 25-2, ¶¶ 119-130, 143-149 (*See* Fourth and Sixth Causes of Action). In his Amended Complaint, Plaintiff now contends that Defendants terminated his employment "in retaliation for exercising his rights under ERISA, and to prevent attainment of benefits to which he would have become entitled under his 401(k), his pension and his Retiree Medical Account." R. Doc. 35, ¶ 146. Dials' new allegations and claims are found in paragraphs 2, 73-75, 119-130, and 143-149 in the Amended Complaint. Plaintiff's Amended Complaint adds these two new claims and some related bare and conclusory allegations. Otherwise, Dials' Amended Complaint restates the same allegations in his Original Complaint.

Dials alleges that he is a 56-year-old man who previously worked at Defendants' Alliance Refinery. R. Doc. 35, ¶¶ 1, 5. Dials alleges that he began working at the Alliance Refinery for Defendants in June 2018, until **March 9, 2020** when he was terminated for violating Company policy. R. Doc. 35, ¶¶ 17, 63. Dials alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 28, 2020; and that the EEOC issued a Notice of Right to Sue on July 2, 2021. R. Doc. 35, ¶¶ 8, 10. Dials filed his Original Complaint on **September 3, 2021**. R. Doc. 1. Plaintiff filed his Motion to Amend on **March 25, 2022**. R. Doc. 25.

On April 5, 2022, Defendants filed an opposition to Plaintiff's Motion to Amend because Plaintiff's amendments are futile. R. Doc. 28. On April 25, 2022, Plaintiff filed a motion seeking leave to file a reply brief in support of his Motion to Amend, which was granted by Magistrate Judge Douglas. R. Docs. 31, 32, 33. The Motion to Amend was heard at oral hearing before Magistrate Judge Douglas on April 27, 2022. *See* R. Docs. 30, 34. Magistrate Judge Douglas entered a Minute Entry into the record on April 28, 2022, granting Plaintiff's Motion to Amend. R. Doc. 34. Pursuant to FRCP 72 and Local Rule 72.2, Defendants timely file their Motion to Review Magistrate Judge's Order.

As discussed below, Plaintiff's Section 510 claim is time barred. Dials' request to amend is futile and his Motion Amend should have been denied.

## II.     LAW AND ARGUMENT

### A.     Standard of Review.

Courts hold that a magistrate judge's grant of leave to amend a complaint is a non-dispositive matter under FRCP 72(a). *See e.g.*, *Dalrymple v. U.S. Postal Serv.*, 2020 WL 1181845, at *2 (E.D. La. Mar. 12, 2020). FRCP 72(a) provides that "[a] party may serve and file

objections to [a magistrate judge] order within 14 days after being served with a copy." When reviewing a magistrate judge's ruling on a non-dispositive motion, district courts apply a "clearly erroneous" standard. *See Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). FRCP 72(a) also provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

B. **Magistrate Judge Douglas's Order Granting Plaintiff Leave to Amend is Clearly Erroneous and Contrary to Law.**

*The Order applies an incorrect standard in evaluating Plaintiff's Motion to Amend.* The Order states, in part, that the court "should freely give leave when justice so requires…" R. Doc. 34, p. 1. And although the Order acknowledges that futility of a proposed amendment is an exception to the rule that leave should be "freely given," the Order fails to properly recognize and analyze this exception. *See Miller v. Wathen,* 294 F.App'x 906, 908 (5th Cir. 2008). Rather, the Order relies on Rule 15's "liberal standard in favor of granting leave to amend" in granting Plaintiff's Motion to Amend. This is clearly erroneous. The Fifth Circuit has interpreted futility to mean that the plaintiff's amended complaint would fail to state a claim upon which relief could be granted. *Verhoeven v. Balboa Ins. Co.,* 2007 WL 4374222, *9 (E.D. La. 2007) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). To determine if an amendment is futile, a court reviews the "proposed amended complaint under the same standard of legal sufficiency" that applies to a Rule 12(b)(6) motion. *Landavazo v. Toro Co.*, 301 F.App'x 333, 337 (5th Cir. 2008). This standard requires more than "labels and conclusions;" rather, the complaint must "show[] that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

677-78, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). If a proposed amended complaint could not withstand a motion to dismiss, then amendment should be denied as futile. *See Clark v. Exxon Corp.*, 159 F.R.D. 26, 28 (M.D. La. 1994).[2] Finally, motions seeking dismissal based on statutes of limitation/prescription arguments, at the pleading stage, are proper under Rule 12(b)(6). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evidenced from the plaintiff's pleadings that the action is barred..." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). No matter the standard applied, Plaintiff's attempts to amend to add a Section 510 claim is clearly futile.

***The Order ignores the law established by the Fifth Circuit and Louisiana federal courts related to the limitations period applied to Section 510 claims.*** In addressing the timeliness of Plaintiff's Section 510 claim, the Order states that "[a]s the Fifth Circuit has not weighed in on the applicable prescriptive period to be applied to a cause of action for violation of § 510 of ERISA under Louisiana law under the 'most analogous' standard based on facts similar to those at issue, a valid claim for relief has not been foreclosed to Plaintiff." R. Doc. 34, pp. 2-3. However, this statement ignores (1) the Fifth Circuit's established law regarding limitations periods applicable to Section 510 claims, (2) the Louisiana federal courts (including the Eastern District) that have specifically and uniformly established the limitations period applicable to a Section 510 claim in Louisiana—the one-year prescriptive period found in Louisiana Civil Code article 3492, and (3) that even if this Court decides to depart from the uniform application of Civil Code article 3492 and apply the limitations period Plaintiff seeks to apply (*i.e.*, the LEDL), Plaintiff's claims are still untimely.

---

[2] *See also*, 6 Arthur R. Miller, Mary Kay Kane, A. Benjamin Spencer, *Federal Practice and Procedure* § 1487 (3d ed.). Further, the court "need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994).

4890-4940-4446 v1

First, the Fifth Circuit specifically addressed what statute of limitations period should apply to Section 510 claims in *McClure v. Zoecon, Inc*. 936 F.2d 777, 778 (5th Cir. 1991). Because ERISA provides no statute of limitations for Section 510 actions, the Fifth Circuit applies the statute of limitations period that governs the relevant state's claim most analogous to a Section 510 claim. *Id*. Although *McClure* addressed this issue under Texas law, the court undeniably and expressly rejected one position Plaintiff attempted to take in his reply memorandum (R. Doc. 33, p. 3) and at oral hearing on this issue—that a limitations period for contract claims should be applied. In *McClure*, the plaintiff contended that Texas's four-year period for contract claims should apply. *Id*. The Fifth Circuit rejected the plaintiff's characterization of Section 510 being analogous to a suit sounding in contract. *Id*. at 778-779. Rather, the Fifth Circuit recognized that nearly all other courts that had considered the question had construed Section 510 claims as wrongful discharge or employment discrimination claims and that they "would be pressed to not follow their lead." *Id*. Louisiana's ten-year prescriptive period for contract claims is clearly inapplicable to Plaintiff's Section 510 claim.[3]

Second, in line with the Fifth Circuit's holding in *McClure*, this Court has consistently held that Section 510 actions, brought in Louisiana, are subject to the Louisiana limitations period governing wrongful discharge cases, which are subject to the one-year prescriptive period in Louisiana Civil Code article 3492. *Seal v. Maverick Claims, LLC*, 2015 WL 4509629, at *6 (E.D. La. July 24, 2015); *Stewart v. Project Consulting Servs., Inc*., 2001 WL 1000730, at *2 (E.D. La. Aug. 28, 2001); *Nelson v. Shoney's, Inc.,* 1997 WL 567957, at *3 (E.D. La. Sept. 10, 1997); *Becker v. Louisiana Land & Expl. Co*., 1997 WL 198069, at *1–2 (E.D. La. Apr. 18,

---

[3] The Order does not indicate that a ten-year prescriptive period would or should apply, but to the extent it leaves open the question as to whether a ten-year prescriptive period *could* apply, it would be clearly erroneous and contrary to established law.

1997). Plaintiff has failed to identify any court in Louisiana that has held otherwise, and the Order's indication that a valid claim for relief has not been foreclosed notwithstanding the established one-year limitations (borrowed from Civil Code article 3492) period applied to Section 510 claims in Louisiana is clearly erroneous.

Third, even if this Court departs from the consistent application of Civil Code article 3492 and applies the limitations period Plaintiff seeks to apply to his ERISA Section 510 claim—the LEDL's prescriptive period—Plaintiff's claims are still untimely. Plaintiff has cited no cases suggesting that the LEDL's limitation period should apply to Section 510 claims in Louisiana. However, even if this Court applies the limitations period in Louisiana Revised Statute 23:303(D), Plaintiff's Section 510 claim is still untimely. Section 303(D) provides that "[a]ny cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation **of the claim** conducted by the **federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights**. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months." LA. REV. STAT. ANN. § 23:303(D) (emphasis added). As established by the plain language of section 303(D), an LEDL claim is also subject to a one-year prescriptive period. The only caveat is that a suspensive period of up to six months *may* be applied during the administrative review or investigation by the **EEOC** or the **LCHR** of **the claim** at issue. As evidenced by Louisiana case law, the six-month suspensive period is a ceiling and not a floor for LEDL claims, and the conditions specifically set out in the statute must be met to reap the benefits of the six-month suspensive period. *See e.g., Briggs v. Fla. Pars. Juv. Just. Comm'n*, 2017-1189 (La. App. 1 Cir. 3/12/18), 244 So. 3d 438, 440. Plaintiff's Section 510 claim does not

and cannot meet the requirements provided for in section 303(D) to benefit from the possible six-month suspensive period. Plaintiff's Section 510 claim was not reviewed or investigated by the EEOC or LCHR, and Plaintiff does not plead otherwise.[4] In fact, the EEOC and LCHR would not have jurisdiction to address, review, or investigate any Section 510 claims under ERISA. *See e.g.*, 42 U.S.C.A. § 2000e-5(a)(empowering the EEOC to prevent persons from engaging in unlawful employment practices as set out in section 2000e-2 or 2000e-3 – both of which address certain discrimination based on race, color, religion, sex, or national origin); 29 U.S.C.A. § 626 (relating to alleged discrimination because of age); 42 U.S.C.A. § 2000ff-6 (relating to discrimination because of genetic information). There is no basis for ever applying the six-month suspensive period (or any portion thereof) found in section 303(D) of the LEDL to an ERISA Section 510 claim, no matter the circumstances or facts pleaded. Plaintiff has pointed to no case that would suggest otherwise. Therefore, even if this Court applied the LEDL's prescriptive period (it should not), Plaintiff's Section 510 claim would still be subject to a one-year prescriptive period, without application of any suspensive period, and is time barred. The Order's indication that a valid claim for relief has not been foreclosed is clearly erroneous and contrary to law.

Based on the foregoing, Plaintiff's Section 510 claim is clearly time barred on the face of the Amended Complaint. Plaintiff alleges that he was terminated on March 9, 2020. R. Doc. 35, ¶ 63. However, he did not file his Amended Complaint, and did not purport to plead a Section 510 claim until March 25, 2022—well after the one-year limitations period (which as established above, would apply whether Louisiana Civil Code article 3492 or the LEDL's limitations period is applied) expired. To the extent Plaintiff contends that his Section 510 Claim in his Amended

---

[4] *See e.g.*, R. Doc. 35, ¶¶ 8, 12 (alleging Plaintiff timely filed an EEOC Charge of discrimination alleging <u>age</u> discrimination and retaliation and indicating that he complied with all prerequisites under the <u>ADEA</u>).

Complaint should relate back to the filing of his Original Complaint (filed September 3, 2021) pursuant to Federal Rule of Civil Procedure 15(c)(1)—a standard he has not met—the claim still must fail. Even if the Court were to allow relation back (it should not)[5] the Section 510 claim would still be time barred because there is more than one year between Plaintiff's March 2020 termination and his September 2021 Original Complaint.[6]

It is clear, based on Plaintiff's own pleadings, that his Section 510 claim is time barred, his Section 510 claim would be subject to dismissal pursuant to Rule 12(b)(6),[7] and amendment to add such claim is therefore futile. As such, the Order is clearly erroneous and contrary to established law to the extent it held otherwise. The Magistrate Judge should not have relied on Rule 15's "liberal standard in favor of granting leave to amend" in granting Plaintiff's Motion to Amend; and rather should have evaluated the substantive arguments raised by Defendants, considered the proper limitations period applicable to Plaintiff's Section 510 claim, and applied the FRCP 12(b)(6) standard.

### III.   CONCLUSION

WHEREFORE, Defendants request that the Court review and modify or set aside the Magistrate Judge's April 28, 2022 Order. Specifically, Defendants request that the Court deny

---

[5] Plaintiff has not identified any cases that would support his argument that his Section 510 claims should relate back to the Original Complaint. Plaintiff cites to two cases (both of which found that the untimely claims/pleadings did not relate back to a timely petition/complaint) to generally establish that claims may relate back when they arise out of the same conduct, transaction, or occurrence and have a common core of operative facts (R. Doc. 33, p. 4). However, these cases do not take into consideration the fact that Plaintiff's ERISA claim raises a wholly new claim and pleads an entirely new purported reason for his termination. Plaintiff now contends he was retaliated against "for exercising his rights under ERISA, and to prevent attainment of benefits to which he would have become entitled under his 401(k), his pension and his Retiree Medical Account." These new claims and new alleged basis for his termination should not relate back to his Original Complaint in which he only raised age or age-related retaliation claims. The operative facts are not common to those in his Original Complaint.

[6] And further, even if the Court applied the six-month suspension period provided for LEDL claims that are investigated by the EEOC or the LCHR (it should not), this claim was not raised until March 25, 2022 – two years after his termination and well beyond the one year and six-month period Plaintiff seeks to apply, in the alternative. And as explained in footnote 4, Plaintiff has not established that his Section 510 claim should relate back to his Original Complaint.

[7] *See e.g.*, *Jones*, 339 F.3d at 366.

Plaintiff's Motion for Leave to File First Amended Complaint (R. Doc. 25), in part, and order Plaintiff to file an Amended Complaint excluding any purported ERISA Section 510 retaliation claim.[8]

Respectfully Submitted:

/s/Chelsea G. Caswell
Scott D. Huffstetler (#28615), T.A.
scott.huffstetler@keanmiller.com
Chelsea G. Caswell (#35147)
chelsea.caswell@keanmiller.com
Mary Kathryn Gimber (#38748)
marykathryn.gimber@keanmiller.com
**KEAN MILLER LLP**
400 Convention Street, Suite 700 (70802)
Post Office Box 3513
Baton Rouge, LA  70821
Telephone:  (225) 387-0999
Facsimile:  (225) 388-9133

***Attorneys for Phillips 66 Company and Phillips 66***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following, by operation of the Court's electronic filing system:

>Casey Rose Denson
>cdenson@caseydensonlaw.com
>Justine G. Daniel
>jdaniel@caseydensonlaw.com
>CASEY DENSON LAW, LLC
>4601 Dryades Street
>New Orleans, LA  70115

Baton Rouge, Louisiana this 12th day of May, 2021.

---

[8] *RSUI Indem. Co. v. Am. States Ins. Co.,* 2015 WL 1525854, at *8 (E.D. La. Apr. 2, 2015)(Denying a motion to amend in part and ordering the plaintiff to file a new amended complaint in compliance with the court's order).

4890-4940-4446 v1

        */s/Chelsea G. Caswell*
         Chelsea G. Caswell

4890-4940-4446 v1