UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH DIALS | CIVIL ACTION |
| VERSUS | NO. 21-1660 |
| PHILLIPS 66 COMPANY, *et al.* | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion[1] by defendants Phillips 66 Company and Phillips 66 (together, "Defendants") to review, in part, the magistrate judge's order[2] insofar as Keith Dials ("Plaintiff") was granted leave to file an amended complaint alleging a violation of Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff responds in opposition,[3] and Defendants reply in further support of their position.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion to review the magistrate judge's order and reverses the magistrate judge's order in relevant part.

**I.   BACKGROUND**

This employment discrimination and retaliation litigation arises from a maintenance professional's claims that younger supervisors and coworkers discriminated against him and ultimately fired him due to his age.

Plaintiff, now 56 years old, worked as an industrial maintenance professional for over 30 years. He has experience supervising workers and on-site contractors, monitoring compliance operations, and ensuring compliance with health, safety, and environmental rules and regulations

---

[1] R. Doc. 36.
[2] R. Doc. 34.
[3] R. Doc. 37.
[4] R. Doc. 40.

in the oil refining industry. Plaintiff has certifications in welding, pipe-fitting, and other technical trades. And, he has undergone extensive training in OSHA safety standards.[5]

From April 2017 to June 2018, Plaintiff served as an on-site contractor, managing the day-to-day operations of Phillips 66's Alliance Refinery in Belle Chase, Louisiana. Defendants then offered Plaintiff the full-time position of maintenance supervisor at the Alliance Refinery. Plaintiff accepted. Most supervisors in the Alliance Refinery maintenance department were younger than Plaintiff. Plaintiff reported to Terry Ansalve, who Plaintiff alleges "overloaded [him] with a much heavier workload than his younger peers" and "refused to provide [him] with adequate support." Ansalve told Plaintiff that he could handle the disproportionately large workload because he was older than his peers. When Plaintiff sought help from his second-line supervisor, Plaintiff's requests for additional workers were rejected. Plaintiff was directed to resolve the issues on his own.[6]

While working at the Alliance Refinery, Plaintiff was assigned to report to younger supervisors who, Plaintiff alleges, generally discriminated against older employees. The younger supervisors' discriminatory conduct, it is alleged, emboldened Plaintiff's co-workers to discriminate against him. Plaintiff repeatedly reported discrimination to Defendants' Ethics Hotline and to Alliance Refinery's human resources manager, Ann Janson.[7]

Plaintiff alleges that Janson failed to investigate and even facilitated Defendants' discriminatory conduct, which escalated into retaliating against Plaintiff for filing complaints. A few weeks after Plaintiff's final complaint, Janson and another supervisor invented a blatantly pretextual reason to justify his termination and abruptly fired Plaintiff, leaving him unemployed

---

[5] R. Doc. 35 at 4.
[6] *Id.* at 4-6.
[7] *Id.* at 6-11.

2

for the first time in decades.  On March 5, 2020, after a water leak, Plaintiff was told to swiftly clamp a faulty pipe.  He did so without holding a risk meeting or obtaining a permit, in compliance with Alliance procedures advising that no risk meeting or permit is necessary before clamping leaking pipes in an emergency when there are no harmful chemicals involved.  Nevertheless, on March 9, 2020, Janson and Campbell terminated Plaintiff's employment on the ground that he violated company policy when he clamped a pipe without a risk meeting or permit.  (No other employee was disciplined for the March 5 clamping event.)  Defendants replaced Plaintiff with Tony Ditta, an individual who has no maintenance experience and is nearly 20 years younger than Plaintiff.[8]

Plaintiff alleges that he was just one of almost two dozen Alliance Refinery employees over the age of 40 who were terminated by Janson – who makes decisions without an independent investigation and is influenced by supervisors – in just two years.[9]

On October 28, 2020, Plaintiff filed a charge of discrimination alleging age discrimination and retaliation with the Equal Employment Opportunity Commission, which issued a notice of right to sue.[10]  On September 3, 2021, Plaintiff filed this lawsuit against Defendants,[11] alleging disparate treatment and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, a related state-law cause of action for age discrimination under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:312(A), and a cause of action for discrimination and retaliation in violation of the Louisiana Human Rights Act, La. R.S. 51:2231.

---

[8] *Id.* at 12-13.
[9] *Id.* at 13-14.
[10] *Id.* at 3.
[11] R. Doc. 1.

In compliance with the scheduling order deadline, Plaintiff requested leave to amend his complaint.[12] Defendants opposed Plaintiff's request.[13] On April 28, 2022, following a hearing, the magistrate judge issued a minute entry granting Plaintiff's motion.[14] In relevant part, the magistrate judge stated: "As the Fifth Circuit has not weighed in on the applicable prescriptive period to be applied to a cause of action for violation of § 510 of ERISA under Louisiana law under the 'most analogous' standard based on facts similar to those at issue, a valid claim for relief has not been foreclosed to Plaintiff."[15] Plaintiff's first amended complaint was then filed into the record.[16] Plaintiff in his amended complaint adds a cause of action for retaliation in violation of the LEDL pursuant to La. R.S. 23:312(D), as well as a claim for retaliation pursuant to Section 510 of ERISA, 29 U.S.C. § 1140 ("Section 510"), which prohibits interference with an employee's group benefits and protects individuals from being retaliated against for exercising their rights under the Act, including the right to participate in group benefits.

As a result of his termination, Plaintiff alleges in his amended complaint that he lost wages (including salary and bonus) and benefits (including lost restricted stock units not yet vested, vacation time, health insurance, continuing contributions to his 401(k), continuing contributions to his Retiree Medical Account Company Contribution, and continuing contributions to his pension). Having been terminated prior to retirement, Plaintiff also alleges in his amended complaint that he lost savings of Retiree Medical Account money already saved into his account. He alleges that his pension plan and retiree medical plans are both protected under ERISA.

---

[12] R. Doc. 25.
[13] R. Doc. 28.
[14] R. Doc. 34.
[15] *Id.* at 2-3.
[16] R. Doc. 35.

Defendants now request that the Court review the portion of the magistrate judge's April 28, 2022 minute entry insofar as she granted Plaintiff leave to add a claim under Section 510 of ERISA.[17]

## II.  PENDING MOTION

Defendants contend that the magistrate judge clearly erred in granting Plaintiff leave to amend his complaint to add the Section 510 claim.  Defendants request that the Court review the magistrate judge's order, deny in part Plaintiff's motion for leave to file the first amended complaint, and order Plaintiff to file an amended complaint excluding any purported Section 510 retaliation claim under ERISA.[18]

First, Defendants contend that the magistrate judge applied the incorrect standard in evaluating the Plaintiff's motion to amend.  It was clearly erroneous, Defendants submit, for the magistrate judge to fail to properly analyze the futility exception to Rule 15's liberal standard in favor of granting leave to amend.  To determine if the proposed amendment was futile, say Defendants, the magistrate judge should have applied the same standard of legal sufficiency that applies to a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[19]

Second, Defendants argue that had the magistrate judge applied the proper standard and the law established by the Fifth Circuit and Louisiana federal district courts related to the limitations period applicable to Section 510 claims, Plaintiff's motion seeking leave to add his Section 510 claim would have been denied as futile.  Instead, in addressing the timeliness of Plaintiff's Section 510 claim, the magistrate judge stated that "[a]s the Fifth Circuit has not weighed in on the applicable prescriptive period to be applied to a cause of action for violation of

---

[17] Though Defendants likewise deem Plaintiff's LEDL retaliation claim as "meritless," they do not seek review of the magistrate judge's order insofar as it granted Plaintiff leave to add this claim. R. Doc. 36 at n.1.
[18] R. Doc. 36.
[19] R. Doc. 36-1 at 4-5.

§ 510 of ERISA under Louisiana law under the 'most analogous' standard based on facts similar to those at issue, a valid claim for relief has not been foreclosed to Plaintiff." This, say Defendants, ignores (i) the Fifth Circuit's established law regarding the limitations period applicable to Section 510 claims; (ii) the holdings of Louisiana federal district courts establishing the limitations period applicable to Section 510 claims in Louisiana as the one-year prescriptive period found in Louisiana Civil Code article 3492; and (iii) the result that, even if the Court departed from the uniform application of article 3492 and instead applied the limitations period advocated by Plaintiff (the LEDL limitations period), Plaintiff's Section 510 claim is nevertheless untimely.[20] Defendants conclude from this that the magistrate judge clearly erred in permitting amendment rather than denying the request to add the Section 510 claim, which is time-barred on the face of the amended complaint.[21]

Plaintiff counters that the magistrate judge's decision to permit him to add a Section 510 claim should stand.[22] The magistrate judge considered Defendants' arguments and rejected them.[23] And, Plaintiff submits, she correctly determined it was not futile to permit him to add a Section 510 claim because the claim is timely under the most analogous state-law limitations period.[24] Plaintiff acknowledges that the Fifth Circuit has held that the statute of limitations period applicable to Section 510 claims in Texas is Texas's two-year limitations period for wrongful discharge or employment discrimination. Nevertheless, Plaintiff submits that this Court "should" find that Louisiana's 10-year prescriptive period for contract claims applies to his Section 510 ERISA claim. Alternatively, Plaintiff submits that the Court should apply the LEDL's one-year

---

[20] *Id.* at 5-9.
[21] *Id.* at 9-10.
[22] R. Doc. 37 at 1.
[23] *Id.* at 2.
[24] *Id.* at 3-4.

6

prescriptive period (plus its six-month suspensive period during pendency of any administrative review of the claim), find that Plaintiff's ERISA claim relates back to his original complaint, and conclude that his Section 510 claim is timely.

## III. LAW & ANALYSIS

### A. Rule 72

Nondispositive pretrial matters may be referred to magistrate judges. Federal Rule of Civil Procedure 72(a) allows a party to appeal to the district judge nondispositive pretrial rulings by a magistrate judge. Granting a motion for leave to amend a pleading is a nondispositive matter under Rule 72(a). *See Dalrymple v. U.S. Postal Serv.*, 2020 WL 1181845, at *2 (E.D. La. Mar. 12, 2020) (collecting cases concluding that motions for leave to amend are nondispositive motions and holding same).

Magistrate judges are given broad discretion to resolve nondispositive motions. *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Upon timely objection to an order concerning a nondispositive motion, the district court will set aside the magistrate judge's order only if it is "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a). A magistrate judge's legal conclusions are reviewed *de novo*, while factual findings will not be overturned unless clearly erroneous. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014). A ruling is "clearly erroneous" when the district court is "left with the definite and firm conviction that a mistake has been committed." *See United States. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Moore*, 755 F.3d at 808 n.11 ("'A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole.'") (quoting *St. Aubin v. Quarterman,* 470 F.3d 1096, 1101 (5th Cir. 2006)).

B. Analysis

Defendants submit that the magistrate judge clearly erred in finding that Plaintiff's amendment to add a Section 510 claim was not futile based on the magistrate judge's determination that a valid claim has not been foreclosed because the Fifth Circuit has not spoken on the applicable prescriptive period to such claims *under Louisiana law*. True, the Fifth Circuit has not directly identified which specific Louisiana prescriptive period applies to actions by employees against their employers to redress violations of Section 510 of ERISA. But in *McClure v. Zoecon, Inc.*, 936 F.2d 777, 778 (5th Cir. 1991), the Fifth Circuit has spoken on this precise "narrow if novel issue" in the context of Texas law.[25] There, the Fifth Circuit found persuasive the reasoning of courts holding that a Section 510 claim is essentially an assertion that the employee was subject to employment discrimination and, thus, the analogous state-law limitations period for wrongful termination or retaliatory discharge applies. A closer look at *McClure* illustrates its binding applicability here, foreclosing Plaintiff's claim as time-barred.

ERISA provides no statute of limitations for Section 510 claims; thus, such claims are subject to the relevant state's limitations statute governing the state-law cause of action most analogous to a Section 510 claim. *Id.* Considering whether the Section 510 claim of the plaintiffs in *McClure* more closely resembled an employment discrimination claim or a breach of contract claim, the Fifth Circuit upheld the district court's summary dismissal of the claim as time-barred by Texas's two-year statute of limitations applicable to wrongful discharge and employment discrimination claims. *Id.* at 777. In so doing, the Fifth Circuit specifically observed that "nearly all [other courts to have considered the proper characterization of a Section 510 claim for limitations purposes] have construed § 510 claims as wrongful discharge or employment

---

[25] *See also Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507 (5th Cir. 2004) (following and applying *McClure*).

discrimination claims." *Id.* at 778.  The Fifth Circuit "follow[ed] the[] lead" of these other courts, reasoning that it "would be pressed to do otherwise, given that § 510 by its terms proscribes specified acts of 'discharge' and 'discrimination,' and given the specific allegations in the [plaintiffs'] complaint."  *Id.*  Specifically rejecting two circuits' contrary view – the view advocated by Plaintiff here, namely, that Section 510 claims are subject to the relevant state's limitations period for contract actions – the Fifth Circuit instead cited with approval those courts characterizing Section 510 claims as most closely resembling state-law wrongful discharge or employment discrimination claims.  The panel was persuaded by opinions from the Third and Tenth Circuits, as well as several district court opinions, including one from this Court applying Louisiana law.  *See Gavalik v. Continental Can Co.*, 812 F.2d 834, 843-46 (3d Cir. 1987); *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197 (10th Cir. 1990); *Young v. Martin Marietta Corp.*, 701 F. Supp. 567, 569 (E.D. La. 1988) (Feldman, J.).

To put a finer point on it, the Fifth Circuit in *McClure* (relying on several other courts applying other states' laws viewed as analogous to Section 510 for purposes of determining the applicable limitations period) directly resolved the parties' contest here: in this Circuit, the relevant state's limitations period applicable to wrongful termination or retaliatory discharge claims applies to Section 510 ERISA claims; conversely, the relevant state's (typically longer) limitations period applicable to breach of contract claims does not apply.  Thus, although *McClure* applied Texas law, its formula (*i.e.*, its characterization of the Section 510 claim for the purposes of determining the appropriate statute of limitations to apply) squarely governs here.  Not surprisingly, then, other sections of this Court routinely apply *McClure*, or cite with approval *Young*, or both, in uniformly determining that Louisiana's one-year prescriptive period applicable to delictual actions applies to Section 510 claims.  *See, e.g., Seal v. Maverick Claims, LLC,* 2015 WL 4509629, at *5-6 (E.D.

9

La. July 24, 2015) (applying Louisiana's one-year prescriptive period for wrongful termination to a Section 510 claim); *Stewart v. Project Consulting Servs., Inc.*, 2001 WL 1000730, at *2 (E.D. La. Aug. 28, 2001) (holding that a Section 510 claim is subject to Louisiana's one-year prescriptive period); *Nelson v. Shoney's, Inc.,* 1997 WL 567957, at *3 (E.D. La. Sept. 10, 1997) (citing *McClure* in applying Louisiana's one-year prescriptive period to a Section 510 claim); *Becker v. La. Land & Expl. Co.*, 1997 WL 198069, at *2 (E.D. La. Apr. 18, 1997) (citing *McClure* and *Young* in applying Louisiana's one-year prescriptive period to a Section 510 claim); *LeCompte v. Freeport-McMoran*, 1995 WL 41699, at *3 (E.D. La. Feb. 1, 1995) (citing *Young* in applying Louisiana's one-year prescriptive period to a Section 510 claim); *Do v. Tandy Corp.*, 1994 WL 10162, at *1 (E.D. La. Jan. 10, 1994) (citing *McClure* and *Young* in applying Louisiana's one-year prescriptive period to a Section 510 claim); *Franz v. Iolab, Inc.*, 801 F. Supp. 1537, 1544 (E.D. La. 1992) (citing *McClure* and *Young* in applying Louisiana's one-year prescriptive period to a Section 510 claim).

Because the Fifth Circuit's decision in *McClure* effectively controls this case, especially given the long line of cases in this Court so reading and applying *McClure*, this Court finds that the magistrate judge's legal conclusion (that amending Plaintiff's complaint to add the Section 510 claim is not futile) is contrary to law. Likewise, insofar as the magistrate judge implicitly determined as a matter of fact that Plaintiff's Section 510 claim has not prescribed under the applicable prescriptive period, that determination is clearly erroneous. Plaintiff's argument that Louisiana's 10-year prescriptive period for contract claims "should" apply to his Section 510 claim is foreclosed by these binding and persuasive authorities, which instead uniformly call for the application of Louisiana's one-year delictual prescriptive period to Plaintiff's Section 510 claim. Given that the prescriptive period begins to run from the day the injury is sustained and that

Plaintiff filed suit on September 3, 2021 – more than one year after his allegedly wrongful termination on March 9, 2020 – Plaintiff's Section 510 claim is prescribed on the face of the amended complaint. Accordingly, the magistrate judge clearly erred in determining that amendment was not futile and in permitting Plaintiff to amend his complaint to add the Section 510 claim. The amendment being futile, the magistrate judge should have denied the motion in relevant part.

## IV.   CONCLUSION

The Court holds that the magistrate judge clearly erred in permitting amendment rather than denying as futile Plaintiff's request to add the Section 510 claim, which is clearly time-barred on the face of the amended complaint under Louisiana's most analogous statute applying to claims for employment discrimination or wrongful discharge and providing a one-year prescriptive period. Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion to review magistrate judge's order (R. Doc. 36) is GRANTED.

IT IS FURTHER ORDERED that the magistrate judge's order (R. Doc. 34) is hereby REVERSED in part (insofar as leave to amend was granted permitting Plaintiff to add a Section 510 claim).

IT IS FURTHER ORDERED that, not later than August 29, 2022, Plaintiff shall file a revised amended complaint deleting its prescribed Section 510 claim.

New Orleans, Louisiana, this 16th day of August, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE